MILLARD HAMILTON AND MARY ELLA SMITH, V. MARY FOSTER (HAMILTON).

(Filed September 7, 1905.)

PUBLIC LANDS—Resulting Trust. An action to declare a resulting trust cannot be maintained against one who has made final proof for government land and received a final receipt therefor, until he has received a patent from the government conveying title to the land in question.

(Syllabus by the Court.)

*Error from the District Court of Kingfisher County; before C. F. Irwin, Trial Judge.*

*Geo. L. Bowman* and *J. C. Robberts,* for plaintiffs in error.

*Matthew John Kane,* for defendant in error.

Opinion of the court by

BEAUCHAMP, J.:    The plaintiffs in error commenced this action against the defendant in error in the district court of Kingfisher county, to declare a trust. After issues joined, trial was had, and when plaintiffs had introduced their evidence, the defendant demurred, which demurrer was by the court sustained, and judgment rendered dismissing the action, and for defendant for costs. A motion for a new trial was heard and overruled. Exceptions were saved, and plaintiffs in error bring the case here upon petition in error and case made for review.

The facts as shown by the pleadings are: That on the 23rd day of May, 1892, Elias Hamilton made homestead filing on the southwest quarter of section 25, township 17, range 9, w. I. M., in Kingfisher county; that he lived and resided thereon continuously, and improved and cultivated the same up until the time of his death, October 23rd, 1900, which was more than five years, and that he had complied with all the requirements of the homestead law, and was entitled to make final proof.

On the 9th day of May, 1899, he obtained a divorce from his wife, and before the expiration of six months he was married to the defendant in error, Mary Foster.

On the 4th day of May, 1901, and after the death of Elias Hamilton, the defendant in error as the widow of Elias Hamilton, proved up this land under the homestead law, and received the register's and receiver's final receipt.

The plaintiffs in error are son and daughter of Elias Hamilton, and the petition alleges that the defendant in error was not the wife of Elias Hamilton, but had succeeded in proving up the land as the widow of Elias Hamilton, by the means of false and fraudulent testimony imposed upon the register and receiver of the land office.

As will be seen this action was commenced before the patent for the land issued; the prayer in the petition being that the final certificate issued to the defendant in error may be cancelled and held for naught, and that it be adjudged and decreed that the defendant is holding said land under her said final proof in trust for these plaintiffs, and that the title to this real estate may be forever quieted and settled in these plaintiffs, and that all claims of the defendant may be forever cut off and cancelled.

In the case of *Jordan v. Smith,* 12 Okla., 703, it was held by this court:

"That an action to declare a resulting trust cannot be maintained against one until he has received a patent from the government conveying title to the land in question." And that the demurrer to the petition which disclosed that the patent had not issued was properly sustained.

In the opinion in that case by Gillette, J., following a discussion as to the correctness of the land department upon the evidence submitted, it is said:

"But aside from and above the mere decision of the land department upon the facts in the case, a legal proposition stands out upon the face of the petition, and cannot be ignored by the court in passing upon the sufficiency of this petition.

"The relief sought by the action is to have the court declare a resulting trust, and the defendant decreed to hold the legal title in trust for and ordered to convey the same to plaintiff. The only allegation we find in the petition as to the present status of the title is expressed in these words, viz:

" 'That the defendant has made final proof on said land, and is now entitled to patent under said decision.' "

"If he is 'entitled to the patent' then he has not received the title, and if he has not received the patent then he cannot be compelled to convey the title to the plaintiff, for he surely could not be compelled to convey something which he never had. The patent is the government deed for premises and the homesteader is not entitled to his (deed?) upon mere 'final proof'. A homestead claimant may make final, and upon the face of it, satisfactory proof of occupancy and compliance with the land laws, and still never be entitled to the government deed, much less be adjudged to actually have the title and be directed to convey it to another. He cannot be

decreed to hold it in trust because he does not hold it at all. After making final proof he may abandon the claim or he may fail to pay for it, or he may sell his right to the premises to another. In either case he would never have the title and could not be compelled to transfer it. *Bockfinger v. Foster,* 10 Okla., 501-502, and cases there cited."

In the case of *Jordan v. Smith, supra,* and the cases there cited the demurrer to the evidence was rightfully sustained.

And upon the authority of that case, the judgment of the district court of Kingfisher county is affirmed, with costs to plaintiffs in error.

Irwin, J. who presided in the court below, not sitting; all the other Justices concurring.